UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MICHAEL VASKO,<br><br>Plaintiff,<br><br>v.<br><br>AMADOR COUNTY JAIL STAFF,<br><br>Defendants. | No. 2:24-cv-00162 TLN CSK P<br><br><br><u>ORDER AND FINDINGS AND</u><br><u>RECOMMENDATIONS</u> |

Plaintiff is proceeding without counsel with this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 6, 2024, this Court recommended that this action be dismissed for failure to prosecute based on plaintiff's failure to notify the court of his current address. (ECF No. 10.) Good cause appearing, the May 6, 2024 findings and recommendations are vacated and replaced with the instant findings and recommendations. For the reasons stated herein, this Court again recommends that this action be dismissed for plaintiff's failure to prosecute.

The Court record reflects that four orders served on plaintiff's address of record were returned by the United States Postal Service. It appears that plaintiff failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for

1

the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, plaintiff failed to file a notice of change of address. The Court cannot effectively manage its docket if plaintiff ceases litigating his case. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. Thus, this Court finds that the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. The third factor—prejudice to defendants—does not weigh in favor of dismissal because defendants have not been served. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("[T]he government has not been ordered to respond to Pagtalunan's habeas petition. We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served). The fourth factor—availability of less drastic sanctions—favors dismissal. Mail sent to plaintiff was first returned on February 28, 2024. Plaintiff has not filed a notice of change of address since that time. Because plaintiff has apparently abandoned this action, less drastic

sanctions are not warranted. The fifth factor—public policy favoring a disposition of actions on its merits—arguably weighs against dismissal.

Despite the lack of prejudice to defendants and the public policy favoring disposition on the merits, this Court finds that the first, second and fourth factors discussed above weigh in favor of dismissal. Accordingly, this Court recommends dismissal of this action based on plaintiff's failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that the May 6, 2024 findings and recommendations are vacated; and

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 11, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Vasko162.fr(ame)
2

3